**Order entered February 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00893-CV

**FELIPE DELEON, JR., Appellant**

**V.**

**ROSA BENITEZ, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV97-00151-S**

## ORDER

Before the Court is appellant's request for a copy of his November 12, 2020 "pleading to jurisdiction with exhibits and affidavit in support of brief." We **GRANT** the request and **DIRECT** the Clerk of the Court to mail appellant a copy of the jurisdictional brief.

We note we questioned our jurisdiction over this appeal because the clerk's record did not contain a copy of the challenged order, and the trial court clerk informed the Court the order did not exist. Appellant provided the Court a copy of

the order in his jurisdictional brief and, on January 29, 2020, a supplemental clerk's record containing a copy of that order was filed.

Having reviewed the order, which was signed July 8 2019 and dismissed for want of jurisdiction appellant's motion for new trial on a protective order that dissolved on its own terms in February 1998, we now question our jurisdiction to the extent the appeal appears untimely. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional).

Generally, an appeal is taken from a final judgment, not the refusal to reconsider that judgment, and must be filed within thirty days of the date the judgment is signed or, with a timely filed motion for new trial, within ninety days of judgment. *See* TEX. R. APP. P. 26.1, 26.1(a). A motion for new trial is timely if filed within thirty days of the date of judgment. *See* TEX. R. CIV. P. 329b(a). Here, the judgment was signed February 20, 1997, but the motion for new trial and notice of appeal were not filed until over twenty years later, in June and July 2019, respectively.

Accordingly, we **ORDER** appellant to file, no later than March 6, 2020, a letter brief addressing the timeliness of the appeal. Any response to appellant's letter brief must be filed within ten days of the letter brief's filing. If any party

relies on information not included in the clerk's record, that party shall have filed a supplemental clerk's record containing that information.

Until the Court determines its jurisdiction, no action will be taken on the reporter's record. The Court will address the status of the reporter's record should it determine it has jurisdiction over the appeal. Should the Court determine it lacks jurisdiction, the Court will dismiss the appeal without further notice. *See* TEX. R. APP. P. 42.3(a). The Court may also dismiss the appeal without further notice should appellant fail to file the requested letter brief. *See id.* 42.3(a),(c).

/s/ KEN MOLBERG
   JUSTICE